# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GARY VICKERS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 15-1252-JTM-GEB |
| GREEN TREE SERVICING, LLC, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiffs' Motion for Leave of Court to File a Second Amended Complaint (**ECF No. 47**). For the reasons set forth below, Plaintiffs' motion is **GRANTED**.

### Background[1]

Highly summarized, this case stems from the denial of Plaintiffs' insurance claim for hail damage to the roof of a home they owned and operated as a rental property. Plaintiffs' claim was denied for either failing to pay the premiums or because Plaintiffs were not entitled to insurance coverage during their Chapter 13 bankruptcy proceedings. Defendant Beneficial Financial I Inc. ("Beneficial") was Plaintiffs' mortgage lender, to whom Plaintiffs claim they paid their casualty insurance premiums throughout the

---

[1] Unless otherwise indicated, the facts in this section are taken from the Amended Complaint (ECF No. 17) and from the parties' briefs regarding amendment. This background information should not be construed as judicial findings or factual determinations.

pendency of the bankruptcy. Defendant Green Tree Servicing, Inc. ("Green Tree") later became the new servicer of the mortgage account.

Plaintiffs initially filed a Petition against Beneficial and Green Tree in Sedgwick County, Kansas District Court. Defendant Beneficial, with the consent of Green Tree, removed the case to federal court.[2] In their Amended Complaint (ECF No. 17), Plaintiffs assert multiple counts against Beneficial for trespass, Real Estate Settlement Procedures Act ("RESPA") violations, Kansas Consumer Protection Act ("KCPA") violations, and fraud; and against Green Tree for Fair Debt Collection Practices Act ("FDCPA") and KCPA violations. Defendants filed separate motions to dismiss (ECF Nos. 26, 27) and Plaintiffs now seek leave to file a Second Amended Complaint, in part, in response to those motions (Pl.'s Mot., ECF No. 47 at ¶ 6).

**Legal Standard**

The standard for permitting a party to amend his or her complaint is well established. A party may amend its pleading as a matter of course under Fed. R. Civ. P. 15(a)(1), either before the responding party answers or within 21 days after service of the responsive pleading. However, in cases such as this, where the time to amend as a matter of course has passed, without an opposing party's consent, a party may amend his pleading only by leave of the court under Fed. R. Civ. P. 15(a)(2).[3] Although Rule 15(a)(2) provides leave "shall be freely given when justice so requires," the decision to

---

[2] Federal jurisdiction appears proper under 28 U.S.C. § 1332(a), as Plaintiffs are citizens of Kansas, no defendant is a citizen of Kansas, and the amount in controversy exceeds $75,000.
[3] Fed. R. Civ. P. 15(a).

allow an amendment is within the sound discretion of the court.[4]  In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[5]  The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[6]  The factors addressed by the parties are discussed below.

## Discussion

### A. Timeliness

Defendants protest because the case is several months old and has yet to accomplish any progress toward resolution.  Furthermore, they argue Plaintiffs were, or should have been, aware of the facts on which the proposed amendment is based at the time of the filing of the original Complaint.  Although the Court acknowledges Defendants' frustration with the lack of advancement in the case, the delay is, in part, a result of the motion practice[7] thus far.  The parties also sought, and the Court granted, postponement of scheduling until after ruling on the dispositive motions, which has made

---

[4] *See J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).
[5] *Hinkle v. Mid-Continent Cas. Co.*, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)).
[6] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Monge v. St. Francis Health Ctr., Inc.*, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013) report and recommendation adopted, 2013 WL 328986 (D. Kan. Jan. 29, 2013).
[7] Defendants filed multiple motions to dismiss (ECF Nos. 11, 13, 25, 26, 27).  Plaintiffs requested consolidation of this case with a related matter (Pls.' Mot. to Consolidate, ECF No. 22), which was denied (Mem. and Order, ECF No. 32).

it impractical for a Scheduling Order to issue. The case is currently set for status conference on February 16, 2016 (ECF No. 41).

Green Tree cites to a recent Tenth Circuit Court of Appeals case, *Zisumbo v. Ogden Reg'l Med. Ctr.*,[8] to argue the amendment should be denied for Plaintiffs' failure to adequately explain the delay in seeking permission to amend. While Defendant is correct that Plaintiffs' Motion to Amend is quite sparse, Plaintiffs state in their Response to Green Tree's Motion to Dismiss the amendment is sought in an effort to address the issues found in Green Tree's motion.[9] Furthermore, although the court found unjustifiable delay in *Zisumbo*, the case is distinguishable because Zisumbo sought to amend his complaint almost two years after filing his case, and more than four months after the scheduling order's deadline for amending pleadings. Here, Plaintiffs seek amendment prior to any established deadline and the Court finds the request to be timely.

## B. Futility

Green Tree notes in its Response that Plaintiffs believe their amendment will cure the issues found in Green Tree's Motion to Dismiss. However, Green Tree does not further address this argument and therefore abandons any claim of futility. Conversely, Beneficial contends the amendment is futile because Plaintiffs' proposed amendment still fails to allege basic facts necessary to state a claim upon which relief can be granted. Unfortunately, Beneficial's attempt to argue the merits of the case in the context of Plaintiffs' motion to amend raises practical issues. In this district, dispositive motions are

---

[8] 801 F.3d 1185, 1196 (10th Cir. 2015)
[9] Pls.' Resp., ECF No. 34, at 1, 3.

addressed by the District Judge and non-dispositive motions (including motions to amend) are decided by the assigned Magistrate Judge. For this reason, the Court will refrain from reviewing the dispositive issues in the context of this motion.

**C. Prejudice**

"Absent flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor in deciding a motion to amend."[10] Prejudice is defined as "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the other party."[11] Amendment of the pleadings "invariably causes some 'practical prejudice,'"[12] but the court typically finds prejudice only if the amendment would "unfairly affect a party's ability to prosecute or defend the lawsuit."[13] The burden of demonstrating prejudice justifying denial of amendment lies with the party opposing amendment.[14]

Defendant Green Tree fails to mention prejudice in its Response; therefore the Court finds no prejudice to Green Tree. Additionally, Beneficial concedes "it has not been prejudiced in its defense of the merits of this case because discovery has not yet

---

[10] *Hull v. Viega, Inc.*, No. 12-2086-JAR-TJJ, 2014 WL 896621, at *7 (D. Kan. Mar. 6, 2014) (quoting *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202,* 453 F.Supp.2d 1295, 1307 (D. Kan. 2006)).
[11] *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989) (citing *Federal Deposit Ins. Corp. v. Berr,* 643 F.Supp. 357, 359 (D. Kan.1986) (quoting *Deakyne v. Commissioners of Lewes,* 416 F.2d 290, 300 (3rd Cir.1969)).
[12] *Id*. (citing *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir.1971)).
[13] *Hull,* 2014 WL 896621, at *7 (citing *Minter,* 451 F.3d at 1207).
[14] *Koch*, 127 F.R.D. at 210.

commenced."[15]   Therefore, because neither defendant demonstrates prejudice which would arise if amendment were allowed, the Court finds none.

**Conclusion**

As discussed above, Plaintiffs' motion is timely on its face, and Defendants demonstrate no prejudice which would occur if Plaintiffs are allowed to amend their Complaint.  Additionally, neither defendant claims Plaintiff seeks the amendment in bad faith.  The Court prefers to decide this case on its merits rather than constrain the Plaintiffs' theories on the basis of technicalities; therefore, Plaintiffs' request to amend will be GRANTED.  Plaintiffs are cautioned future amendments, although not prohibited, will be met with scrutiny[16] given that this will be the third opportunity for them to articulate their claims.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave of Court to File a Second Amended Complaint (**ECF No. 47**) is **GRANTED**.  Plaintiffs shall file their Second Amended Complaint on or before **February 15, 2016**.

---

[15] Def. Beneficial's Resp., ECF No. 52, at 4.
[16] *See Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. v. Resolution Trust Corp.,* 984 F.2d 1571, 1585 (10th Cir.1993); *Foman,* 371 U.S. at 182) (noting "failure to cure deficiencies by amendments previously allowed" is one reason the court may use to deny leave to amend).

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 1st day of February 2016.

                                                  s/ Gwynne E. Birzer
                                                  GWYNNE E. BIRZER
                                                  United States Magistrate Judge